IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 1:22-cr-50 |
| Plaintiff, | |
| v. | Judge Susan J. Dlott |
| Javier Ernesto Peraza Arellano, | **ORDER DENYING WITHOUT PREJUDICE MOTION FOR REDUCTION OF SENTENCE** |
| Defendant. | |

This matter is before the Court on Defendant Javier Ernesto Peraza Arellano's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) in Light of Retroactive Effect of Amendment 821 Zero Points Offender / Criminal History. (Doc. 77.) The Government responded in opposition. (Doc. 83.) For the reasons that follow, Defendant's Motion will be **DENIED WITHOUT PREJUDICE**.

I. **BACKGROUND**

On June 22, 2022, Javier Ernesto Peraza Arellano was indicted in a multi-count drug trafficking conspiracy along with two other defendants. (Doc. 7.) On September 28, 2023, pursuant to a Plea Agreement, Defendant pled guilty to Count 9 of the Indictment, which charged him with distributing 50 grams or more of methamphetamine. (Doc. 47.) On September 26, 2024, Peraza Arellano was sentenced to 96 months of imprisonment, 8 years of supervised release, and a $100 special assessment. (Doc. 71.) He is currently serving his term of imprisonment at FCI Lompoc II, and his projected date of release is March 13, 2029. *See* Federal BOP, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited 9/25/2025).

Defendant filed a Motion seeking compassionate release on June 16, 2025. (Doc. 77.) The Government filed its Response in opposition on September 22, 2025. (Doc. 83.) For the reasons that follow, Peraza Arellano's Motion will be **DENIED WITHOUT PREJUDICE**.

## II. STANDARD OF LAW

The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–749 (6th Cir. 2008). Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

The district court must (1) determine whether "extraordinary and compelling reasons" warrant a reduction, (2) ensure that the reduction is consistent with the applicable policy statements by the Sentencing Commission in U.S.S.G. § 1B1.13, and (3) weigh the relevant sentencing factors listed in 18 U.S.C. § 3553(a). *United States v. Jones*, 980 F.3d 1098, 1101,

2

1107–1108 (6th Cir. 2020).[1] "Congress did not define what constitutes an 'extraordinary and compelling reason,' except to state that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting 28 U.S.C. § 994(t)).

### III.  ANALYSIS

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a defendant may seek compassionate release by his own motion only "after he has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf' or after 'the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." *United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). The Sixth Circuit has held that "[i]f the government invokes the exhaustion requirement, as it did here, exhaustion is mandatory and 'must be enforced.'" *United States v. Harvey*, No. 23-5068, 2023 WL 5275091, at *2 (6th Cir. July 10, 2023). In such a case, the Sixth Circuit has found that a district court's proper course of action is to deny the motion without prejudice. *Id.*

The Government asserts in this case that Peraza Arellano failed to exhaust his administrative remedies. Indeed, his Motion does not demonstrate that he exhausted his

---

[1] The Sixth Circuit determined in *Jones* in 2021 that the only U.S. Sentencing Commission Policy Statement potentially applicable to motions for compassionate release—U.S.S.G. § 1B1.13—was inapplicable to cases filed by federal inmates. 980 F.3d at 1109, 1111. Therefore, the district court had full discretion to define "extraordinary and compelling reasons" without reference to the policy statement in § 1B1.13. *Id.* at 1111; *United States v. Elias*, 984 F.3d 516, 519–520 (6th Cir. 2021). However, the Sentencing Commission amended U.S.S.G. § 1B1.13 effective November 1, 2023 and made clear that the policy statement applies to motions filed by inmates. U.S.S.G. § 1B1.13(a).

3

administrative remedies. Because there is no evidence Defendant exhausted his administrative remedies, his Motion must be denied without prejudice.

For the reasons set forth within this Order, Peraza Arellano's Motion (Doc. 77) is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

_____
Judge Susan J. Dlott
United States District Court